Matter of Sexton (2019 NY Slip Op 02885)





Matter of Sexton


2019 NY Slip Op 02885


Decided on April 17, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B, AUSTIN
HECTOR D. LASALLE, JJ.


2018-04844

[*1]In the Matter of Sean Robert Sexton, an attorney and counselor-at-law. (Attorney Registration No. 2932903)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 27, 1999. By order to show cause dated July 24, 2018, the respondent was directed to show cause why an order should or should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey dated December 5, 2017.



Gary L. Casella, White Plains, NY (Glenn E. Simpson of counsel), for Grievance Committee for the Ninth Judicial District.



PER CURIAM.


OPINION & ORDER
By order dated December 5, 2017, the Supreme Court of New Jersey censured the respondent for practicing law while ineligible, in violation of RPC 5.5(a)(1). The underlying facts, as revealed in a decision of the Supreme Court of New Jersey Disciplinary Review Board (hereinafter DRB), are as follows:
The respondent was admitted to the New Jersey Bar in 2004. He maintained a law office in Jersey City, New Jersey. He had no history of discipline; however, attorney registration records listed him as ineligible to practice in 2008 and 2010, and continuously since 2013, for failure to pay his annual assessment fee to the New Jersey Lawyers' Fund for Client Protection (hereinafter the Fund).
On November 30, 2015, the District VB Ethics Committee (hereinafter the DEC) sent copies of a complaint by regular and certified mail to three addresses: (1) the respondent's last known office address listed with the attorney registration records (4 Beacon Way, Apt. 1405, Jersey City, New Jersey), (2) another Jersey City address (704 Grand St. Apt. 2, Jersey City, New Jersey), and (3) a Bayonne, New Jersey, address. The regular mail sent to the first address was not returned, and the certified mail was returned marked "return to sender, unclaimed." The regular mail sent to the second address was marked "return to sender, not deliverable as addressed, unable to forward," and the certified mail was also returned with the same notation. The regular mail sent to the third address was returned marked "return to sender, attempted — not known, unable to forward," and the certified mail was returned, marked "addressee unknown."
On January 25, 2016, the Office of Attorney Ethics (hereinafter the OAE) provided the DEC with a fourth address at which to attempt service on the respondent (121 Newark Ave Suite 521, Jersey City, New Jersey, the address listed with the New York State Office of Court Administration [hereinafter the OCA]). On February 12, 2016, the DEC forwarded a copy of an amended complaint, by regular and certified mail, to the respondent at this fourth address. Both were returned marked "no longer at this address."
The DEC thereafter effected service of an amended complaint by publication on May 2, 2016, in the New Jersey Law Journal and, on May 13, 2016, in the Star Ledger.
As of the date of the certification of the record, June 3, 2016, the respondent had not filed an answer to the amended complaint.
According to the amended complaint, the respondent was on the IOLTA (Interest on Lawyers' Trust Accounts) Program's list of ineligible attorneys in 2008 and from 2010 through 2015, and the Fund's list of ineligible attorneys from 2010 through 2015. He had been "administratively ineligible" to practice law for several years, presumably, for not fulfilling his continuing legal education requirements. Attorney registration records show that the respondent paid his annual registration assessment in 2009, 2011, and 2012.
The respondent did not provide the OAE with current contact information; thus, the DEC was unable to serve the respondent with the grievance.
Despite his ineligibility, on April 16, 2015, the respondent represented a client in a domestic violence case in Superior Court, New Jersey, Hudson County. The Honorable Mark A. Barber, presiding over the matter, referred the respondent to the District VI Ethics Committee. The referral was forwarded to District VB for investigation. The amended complaint, thus, charged the respondent with violating RPC 5.5(a)(1) for representing a client while ineligible. The amended complaint further alleged that the respondent failed to provide current and accurate contact information that would allow for prompt and reliable communication in a manner consistent with the requirements set forth at R. 1:21-1(a)(1).
The DRB found that the amended complaint supported the charges of unethical conduct, and that the respondent's failure to file an answer was deemed an admission that the allegations of the amended complaint were true and that they provided a sufficient basis for the imposition of discipline. The DRB found that the respondent's failure to update his attorney registration contact information was an aggravating factor. Since the respondent defaulted, no mitigating factors were presented for consideration. To the contrary, the DRB noted, when an attorney defaults in a matter, discipline is enhanced. The DRB determined that under the circumstances, a censure was warranted.
By order dated December 5, 2017, the Supreme Court of New Jersey, on a certified record that the respondent had defaulted, censured the respondent for violating RPC 5.5(a)(1) (practicing law while ineligible).
By order to show cause dated July 24, 2018, this Court directed the respondent to show cause why discipline should or should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey dated December 5, 2017, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Committee, on or before September 7, 2018.
On August 3, 2018, the respondent was served with the order to show cause by first- class mail, sent to 278 Summit Avenue, Jersey City, New Jersey, an address provided by the respondent to the Grievance Committee for the Ninth Judicial District. The respondent advised the Grievance Committee by email communication that he would accept service by mail at the Summit Avenue address.
To date, the respondent has neither served a response to the order to show cause nor requested additional time in which to do so.
The OCA lists the respondent as delinquent for the 2017-2018 and 2019-2020 biennial registration periods.
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted based on the findings of the Supreme Court of New Jersey. We conclude that the appropriate sanction is a public censure.
MASTRO, J.P., RIVERA, DILLON, AUSTIN and LASALLE, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Sean Robert Sexton, is publicly censured; and it is further,
ORDERED that the respondent, Sean Robert Sexton, is directed to update his contact information with the New York State Office of Court Administration, and comply with the New York State attorney registration requirements (see 22 NYCRR Part 118).
ENTER:
Aprilanne Agostino
Clerk of the Court